# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELIZABETH PRIOR, #910911 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-13-381 |
| WARDEN | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Pending is Elizabeth Prior's ("Prior") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF Nos. 1 and 7. Respondent, the Warden of the Maryland Correctional Institution for Women, by counsel, has filed a Response seeking dismissal of the Petition. ECF No. 9. Prior was provided an opportunity to reply, but has not done so. ECF No. 10. After considering the submissions, the Court concludes a hearing is unnecessary, see Local Rule 105.6 (D. Md. 2011), and will deny and dismiss the Petition.

## BACKGROUND

Prior challenges her 1994 conviction in the Circuit Court for Baltimore County for first-degree murder, conspiracy to commit murder, and use of a handgun in the commission of a felony. Exs. 1 and 2.[1] On January 9, 1995, the Circuit Court for Baltimore County sentenced Prior to life in prison for first-degree murder, a concurrent life term for conspiracy to commit murder, and a consecutive 20-year prison term for use of a handgun in the commission of a felony. On direct appeal to the Court of Special Appeals of Maryland, Prior raised three claims:

---

[1] Unless otherwise indicated, all exhibits cited were filed by Respondent and are docketed at ECF No. 9.

1) The evidence was not legally sufficient to sustain the convictions;

2) The trial judge erroneously admitted testimony about Prior's extra-marital affairs; and

3) The trial judge erroneously allowed expert testimony by a police officer that it appeared the burglary that was allegedly coincidental with the murder had been staged.

Ex. 2 at 1.

In an unreported Opinion filed on October 11, 1995, the Court of Special Appeals of Maryland affirmed Prior's judgment of conviction, and the mandate issued on November 13, 1995. Ex. 2. Prior did not seek review of the decision. Accordingly, her convictions became final on November 28, 1995, when the time for filing a Petition for Writ of Certiorari in the Court of Appeals of Maryland expired. See Md. Rule 8-302 (stating Petition for a Writ of Certiorari must be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate).

On April 29, 1997, Prior filed a Petition for Post-Conviction Relief in the Circuit Court for Baltimore County. On January 22, 1999, the Circuit Court held a hearing on her Petition. The claims raised and considered by the post-conviction court were: 1) Prior's trial attorney was unprepared and ineffective; 2) the State failed to give proper notice to Prior regarding its intention to use Detective Bollinger as an expert in the field of burglary; (3) the State knowingly made false statements to the trial judge regarding Bollinger's qualifications as an expert; 4) Prior's trial attorney failed to discredit Bollinger's testimony by obtaining an expert witness for the defense, relying instead on a learned treatise; 5) Prior's attorney insisted that she not testify on her own behalf; 6) Prior's attorney failed to call her 15-year old daughter, Takia Fisher, to testify about events on the evening of the alleged murder; 7) Prior's attorney made opening and closing arguments that were totally ineffective; and 8) Prior's attorney did not discuss with her

the potential testimony of the State's witnesses. ECF No. 1, Att., at 1-2, (Memorandum Opinion and Order of Post-Conviction Court). On February 7, 2000, the Circuit Court denied post-conviction relief. Ex. 1, at 6. Prior did not file an Application for Leave to Appeal denial of the Post-Conviction Petition; thus, the post-conviction proceedings became final on March 8, 2000, when the time for doing so expired. See Md. Rule 8-204 (stating Application for Leave to Appeal must be filed within 30 days of the entry of judgment).

By letter dated April 3, 2007, Assistant State's Attorney Steven I. Kroll notified Prior that the late Joseph Kopera, "an expert in firearms and tool mark analysis" who had testified for the State at Prior's trial, had "misrepresented his educational background." ECF No. 1, Att. 1, (Letter from Steven Kroll to Prior dated April 3, 2007).[2] Prior appears to have contacted the Honorable Vicki Ballou-Watts concerning the letter because on April 19, 2007, Judge Ballou-Watts wrote to Prior "I am in receipt of your letter dated April 11, 2007. However, I cannot take action as requested. You may contact your attorney to explore your legal options." ECF No. 1, Ex. 1 at 8.

On October 2, 2007, Prior filed a Petition under 28 U.S.C. § 2254 in this Court, attacking her handgun conviction based on Kopera's credibility. See Prior v. Shell, Civil Action No. L-07-2669 (D. Md.). On April 25, 2008, this Court dismissed the Petition without prejudice for lack of exhaustion as to this claim.

---

[2] The Court takes judicial notice that Kopera, who for many years testified in Maryland courts as a firearms expert, committed suicide after it was discovered that he had misrepresented his credentials. See Kublicki v. State, 53 A.3d 361, 349 (Md. App. 2012); certiorari granted 430 Md. 344 (Md. February 22, 2013). In Kublicki, which involved an appeal from the denial of post-conviction relief, the Court of Special Appeals of Maryland ruled there must be a showing of materiality of the expert's false statement in order to warrant post-conviction relief. See id. at 433. The Court of Special Appeals recognized that Kopera had substantial experience in ballistics, a field for which there is no college degree and expertise is usually based on experience. See id. at 447 (citation omitted). The Court of Special Appeals determined there was no likelihood that the jury would have been influenced by the fact that Kopera lacked the academic certifications. See id.

Almost three years later on June 1, 2011, Prior submitted correspondence which this Court treated as a request for habeas corpus relief, directing her to provide additional information to show exhaustion of state court remedies. See Prior v. Warden, Civil Action No. L-11-1489 (D. Md). The case was dismissed without prejudice after Prior failed to file any supplemental information. See id.

On February 5, 2013, Prior filed a Motion to Reopen Post-Conviction proceedings in the Circuit Court for Baltimore County, asserting that she was "convicted (in part) by the testimony of firearms expert" Joseph Kopera, who subsequently committed suicide. ECF No. 1, Att. 1 at 1. Additionally, she averred: 1) she had been charged with the "'contract murder' of her husband, yet the state could never furnish the person whom [Prior] had supposedly hired"; 2) the testimony given by Police Officer Baylor, who claimed to have had an intimate affair with her, amounted to a conflict of interest; 3) Carlos Ricks, a witness at trial later recanted; and 4) testimony of her marital affair was admitted at trial. ECF No. 1, Att. 1 (Motion to Reopen). On April 16, 2013, the State moved to dismiss Prior's Motion to Reopen Post-Conviction Proceedings. Ex. 1 at 9. The Maryland Judiciary website shows the matter is pending in the Circuit Court of Baltimore County.[3]

The instant Petition is deemed filed on January 30, 2013, the date it was signed and presumably placed in the prison's internal mail system. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-20 (D. Md. 1998); see also Rules Governing Section 2254 Cases, Rule 3(d) (discussing the mailbox rule).

---

[3] See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=03K94001072&loc=55&detailLoc=K

**DISCUSSION**

**I.     Petitioner's Claims**

Prior, who is a self-represented Petitioner, is essentially attempting to collaterally attack her state conviction by raising the same claims here that she presented in the Motion to Reopen Post-Conviction Proceedings now pending in state court. The claims in her federal Petition are as follows:

> DEFENDANT was convicted (in part) by the testimony of firearms expert, Mr. Joseph Kopera. The State's Attorney's Office sent Defendant a letter stating that Mr. Kopera "misrepresented his educational background" (Verbatim from letter) Subsequently, Mr. Kopera committed suicide.
>
> DEFENDANT is being charged with "Contract Murder" of her husband, yet the state could never furnish the person whom the Defendant supposedly hired. The state is simply stating that the Defendant has an "Unknown" Co-Defendant.
>
> Testimony was allowed from a police officer (Ofc. Baylor) who claimed to have an intimate affair with the Defendant. Clearly a conflict of interest.
>
> Testimony was taken from one, Mr. Carlos Ricks, who later recanted stating that he was lying.
>
> Testimony that DEFENDANT had extramarital affairs was allowed into trial, yet there was never any proof of this. This made the jury's view of the Defendant, prejudicial.

ECF No. 1. In supplemental pleadings, Prior introduced an additional claim challenging her conviction on the grounds that her daughter was not called to testify at trial. ECF Nos. 6 and 7.

**2.     Limitations Period**

Title 28 U. S. C. § 2244(d) provides a one-year statute of limitations, for writ of habeas corpus, in non-capital cases for individuals convicted in state court. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be

equitably tolled. See 28 U.S.C. § 2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). The statute reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period is calculated from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking review. 28 U.S.C. § 2244(d)(1)(A). As previously noted, Prior's convictions became final on November 28, 1995. Under these facts, the statute of limitations in 28 U.S.C. § 2244(d)(1)(A) began to run in this case on April 25, 1996. See Brown v. Angelone, 150 F.3d 370, 371-76 (4th Cir. 1998) (providing grace period of one year for habeas petitioners whose convictions became final prior

to April 24, 1996); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (holding that final day of one-year limitations period, where limitations begins to run on April 24, 1996, is April 24, 1997).

Prior had no state post-conviction or other collateral proceedings pending to statutorily toll the limitations period between: 1) April 25, 1996, to April 29, 1997 (more than one year); and 2) March 8, 2000, and January 30, 2013 (more than twelve years). Notably, even if the Court were to assume that the factual predicate of Prior's claim concerning Joseph Kopera was not discoverable until March 2007, and the limitations period is calculated under 28 U.S.C. § 2244(d)(1)(D), Prior waited almost six years before she filed state proceedings related to this claim. Under the circumstances, the Petition is untimely filed and will be dismissed.

**3.     Exhaustion**

Before a petitioner may seek habeas relief in federal court, he or she must exhaust each claim presented to the federal court by pursuing remedies available in state court. See Rose v. Lundy, 455 U.S. 509, 521 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); 28 U.S.C. § 2254(b) and (c). None of the claims raised by Prior had been presented to all appropriate state courts. Ex. 2; ECF Nos. 1, 6 & 7. Accordingly, the Petition is dismissible for lack of exhaustion.

**4.  Failure to State a Cognizable Claim**

Prior does not assert in the instant Petition any abridgement of constitutional law. Absent allegation of a violation of a Federal constitutional right, a claim is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) (authorizing a federal court to entertain a state prisoner's habeas petition "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States"); Wilson v. Corcoran, 131 S. Ct. 13, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."). To the extent the Petition may raise claims involving the application of state law and procedure, "it is not the province of a federal habeas court to re-examine state court determinations of state law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). For these reasons, the Petition is dismissible for failure to state a cognizable claim.

**5. Certificate of Appealability**

A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C § 2253 (c)(2). The standard is satisfied by demonstrating that reasonable jurists would find this court's assessment of the constitutional claims presented debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). This case does not meet this standard.

**CONCLUSION**

For these reasons, the Petition will be denied and dismissed by separate Order to follow.

June 19, 2013                                /s/
                                   _____
                                   George L. Russell, III
                                   United States District Judge

8